**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RADDY NOEL TORIBIO,** | : | **No. 3:10cv2441** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BERNARD SPECE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition is Defendant Bernard Spece's motion to dismiss Plaintiff Raddy Noel Toribio's amended complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

The facts as alleged in the amended complaint are as follows: Defendant arrested plaintiff on August 9, 2010 for a bank robbery. (Doc. 12, Am. Compl. ¶¶ 5, 17). The bank robbery occurred at Susquehanna Bank, Orwigsburg, Pennsylvania, at a date and time for which plaintiff had an airtight alibi. (Id. ¶¶ 8, 9, 12). At the time of the arrest, defendant knew that he should investigate further and that probable cause for the arrest did not exist. (Id. ¶ 18).

Authorities incarcerated plaintiff for five (5) days. (Id. ¶ 19). The news media and the internet widely publicized plaintiff's arrest. (Id. ¶ 21). Plaintiff thus lost his employability. (Id.) He also suffered mental anxiety, distress, stress, sleeplessness and humiliation. (Id. ¶ 22).

Based upon these allegations plaintiff filed this civil rights action

against Spece raising the following three counts pursuant to 42 U.S.C. § 1983: 1) illegal arrest; 2) incarceration without probable cause; and 3) malicious prosecution.

Defendant has filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

This case is before the court pursuant to defendant's motions to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the

case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendant raises two issues in his motion to dismiss. First, he claims that probable cause existed for plaintiff's arrest, and therefore, his causes of action should be dismissed. Second, he argues that qualified immunity shields him from liability. We will discuss these issues separately.

**I. Probable Cause**

Defendant argues that all of plaintiff's claims are premised on the fact that probable cause did not exist for his arrest, but probable cause did exist; therefore, the claims should be dismissed. After a careful review, we disagree.

Defendant is correct that the amended complaint generally asserts causes of action that require a lack of probable cause for the arrest. Count I asserts a cause of action for "illegal arrest" under 42 U.S.C. § 1983. This

claim is more commonly referred to as a claim for “false arrest.” Such a claim arises where an arrest is made without probable cause. Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). “Probable cause” is defined as “facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.” Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (internal quotation marks omitted).

Additionally, “where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.” Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Thus, plaintiff’s second cause of action is for “incarceration without probable cause.”

Plaintiff’s third cause of action is under section 1983 for malicious prosecution. The law provides:

> To prove malicious prosecution under [§ ] 1983, a plaintiff must show that:
> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Kossler v. Crisanti, 564 F.3d 181, 186 (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir.2003)).

According to the defendant, these are all the claims that plaintiff raises, and they are all premised on the fact that probable cause did not exist for the arrest. Defendant argues that probable cause did exist for the arrest. Therefore, all the causes of action should be dismissed.

Defendant obtained an arrest warrant in the instant case. To obtain the arrest warrant he drafted an affidavit of probable cause, setting forth the evidence that plaintiff had indeed committed the bank robbery. He then submitted the affidavit of probable cause to a Pennsylvania Magisterial District Judge to obtain an arrest warrant. To establish that probable cause existed, the defendant relies upon this affidavit of probable cause.[1] (Doc. 17-1). The affidavit is not part of the original complaint and is not attached thereto. Generally, when considering a 12(b)(6) motion to dismiss, the court cannot "consider matters extraneous to the pleadings . . . However, a limited exception exists for documents that are integral to or explicitly relied upon in the complaint." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 83 n.4 (3d Cir. 2011) (internal quotation marks, citations and emphasis omitted). The defendants assert that the court can examine matters outside of the complaint on a motion to dismiss where the plaintiff

---

[1]According to the affidavit of probable cause, the evidence against plaintiff included an anonymous tip to the police, and eyewitness identification of plaintiff from a photographic lineup. (Doc. 17-1). We note that defendant's description of the affidavit of probable cause is inaccurate. Defendant states that according to the affidavit of probable cause three eyewitnesses were shown a photo lineup and that all three of them picked plaintiff out as the person who had committed the robbery. (Doc. 17, Def's. Br. in Supp. at 5). Plaintiff points out, however, that although three eyewitnesses were shown photo lineups, the affidavit of probable cause only indicates that two of the eyewitnesses picked plaintiff out of the lineup. (Doc. 18, Pl's. Br. in Oppo. at 8). A review of the affidavit of probable cause indicates that the plaintiff is correct. The affidavit merely states that two of the eyewitnesses identified the plaintiff. (Doc. 17-1). Despite plaintiff pointing out this error, the defense continues to maintain in their reply brief that three of the eyewitnesses identified the plaintiff from the photo lineup. (Doc. 19 Def's. Reply Br. at 5).

bases his claims on an undisputedly authentic document attached to the defendant's motion to dismiss. For this proposition defendants cite to Pension Ben. Guar. Corp. v. White Consol. Indust., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (Doc. 17, Def. Br. at 4).

While the affidavit of probable cause may conceivably be relied upon in some cases at the motion to dismiss stage, in this case, plaintiff asserts that defendant knew at the time of obtaining the arrest warrant that probable cause did not exist. (Doc. 12, Am. Compl. ¶ 8 "Defendants . . . decided to arrest Plaintiff, without probabl[e] cause[.]"). Implicit in this assertion is that defendant provided inaccurate or incomplete information in the affidavit of probable cause, which casts doubt on the very document upon which defendants seek to rely. Plaintiff also argues that defendant used an impermissible and suggestive photo lineup to obtain the arrest warrant. (Id. ¶ 14(a)).

Additionally, a civil rights claim can be advanced where a police officer obtains an arrest warrant, but in so doing (1) "knowingly and deliberately, or with reckless disregard for the truth, made false statements or omission that created the falsehood in applying for the warrant;" when (2) "such statements or omissions are material, or necessary, to the finding of probable cause." Wilson v. Russon, 212 F.3d 781, 78-87 (3d Cir. 2000). Plaintiff has not yet had an opportunity for discovery on all of these issues, and the court cannot at this time make a determination as to whether probable cause existed. Thus, it is inappropriate to grant a motion to dismiss.

Moreover, a finding of probable cause at this point would not justify dismissing the entire case. Plaintiff asserts that defendant continued his

imprisonment even after he knew that someone else had committed the crime. Whether defendant had probable cause for the initial arrest is arguably not relevant to actions taken at a later date after the defendant knew of plaintiff's innocence.

For these reason, the motion to dismiss based upon the assertion that defendant had probable cause to arrest the plaintiff will be denied.

**II. Qualified Immunity**

Defendant also moves to dismiss on the basis of qualified immunity. Qualified immunity can serve as a defense for an individual defendant accused of a civil rights violation. See Hunter v. Bryant, 502 U.S. 224, 227, (1991). Qualified immunity does not apply where state officials violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Wright v. City of Phila., 409 F.3d 595, 599-600 (3d Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). For a qualified immunity analysis, the court must examine: 1) whether officials violated a constitutional right and 2) whether that right was clearly established at the time. Id.

Here, the plaintiff has alleged facts which, if proved, could demonstrate that defendant violated his constitutional right not to be improperly arrested and imprisoned. If plaintiff proved such violations, qualified immunity would not be appropriate because the rights that plaintiff advances are clearly established rights. Thus, at this point, we cannot grant the motion to dismiss on the basis of qualified immunity.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RADDY NOEL TORIBIO,** | : | **No. 3:10cv2441** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **BERNARD SPECE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 5th day of December 2011, the defendant's motion to dismiss the amended complaint (Doc. 16) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**