# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RADDY NOEL TORIBIO, : | |
|     Plaintiff | CIVIL ACTION NO. 3:10-2441 |
| : | |
| v. | (MANNION, M.J.) |
| : | |
| BERNARD SPECE, | |
|     Defendant : | |

| | |
|---|---|
| RADDY NOEL TORIBIO, : | |
|     Plaintiff | CIVIL ACTION NO. 3:12-1167 |
| : | |
| v. | |
| : | |
| MICHAEL SADUSKY, and | |
| BERNARD WALASAVAGE, : | |
|     Defendants | |
| : | |

## **MEMORANDUM AND ORDER**[1]

Presently before this Court is the plaintiff's motion to consolidate, (Doc. No. 41), and the defendants' response in opposition thereto. (Doc. No. 44). For the reasons set forth below, the Court will **GRANT** the motion to consolidate the above-captioned actions.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**I. Background**

    **A.    Toribio v. Spece, 3:10-cv-2441**

On November 24, 2010, the plaintiff filed a complaint against defendant, Pennsylvania State Trooper Bernard Spece. (Doc. No. 1). The plaintiff alleges that the defendant arrested the plaintiff without probable cause on August 6, 2010. Id. The plaintiff also alleges that the defendant violated the plaintiff's constitutional rights and caused the plaintiff to spend approximately 5 days in jail, to lose employability because his arrest was widely publicized, and to suffer severe anxiety, distress, stress, sleeplessness, and humiliation. Id.

On April 4, 2011, the plaintiff filed an amended complaint against Trooper Spece alleging illegal arrest, incarceration without probable cause and malicious prosecution under the Fourth Amendment. (Doc. No. 12). On July 1, 2011, the defendant filed a second motion to dismiss and a supporting brief. (Doc. No. 16; Doc. No. 17). After the Court denied the defendant's motion to dismiss on December, 5, 2011, (Doc. No. 20), the defendant answered the amendment complaint. (Doc. No. 21).

On May 31, 2012, discovery in this case concluded. Thereafter, on June 15, 2012, the defendant filed a motion for summary judgment, together with a statement of material facts and supporting documents, (Doc. No. 32; Doc. No. 33). A supporting brief was filed on June 29, 2012. (Doc. No. 38). In response, the plaintiff filed a counter statement of material facts and a brief in opposition to summary judgment, on June 29, 2012 and July 20, 2012,

respectively, (Doc. No. 39, Doc. No. 43). On August 3, 2012, the defendant filed a reply brief in support of his motion for summary judgment. (Doc. No. 45).

### B. Toribio v. Sadusky and Walasavage, 3:12-cv-1167

After discovery concluded in Toribio v. Spece on May 31, 2012, the plaintiff filed an additional lawsuit with the same causes of action and facts as alleged in the plaintiff's claim against Trooper. Spece[2]. However, this lawsuit named Pennsylvania State Troopers Michael Sadusky and Bernard Walasavage. (Doc. No. 1). On July 18, 2012, the plaintiff filed the current motion to consolidate the case against Trooper Spece with the separate action, described above, against Troopers Sadusky and Walasavage[3]. The plaintiff argues that consolidating the two cases would promote the interests of efficiency and judicial economy.

On July 31, 2012, the defendant filed a brief in opposition to the plaintiff's motion to consolidate[4] asserting that the consolidation of the cases would result in unnecessary delays and costs. Specifically, the defendant highlights that the two cases are in very different procedural places and

---

[2]The court agrees with the defendants that the better practice would have been for the plaintiff to have moved to amend the complaint to add the additional defendants and allegations.

[3]This motion to consolidate was filed in the original action, 3:10-2441. (Doc. No. 41), only.

[4]This was also filed in the original case, (Doc. No. 43), only.

consolidation would prejudice Troopers Sadusky and Walasavage by encumbering their ability to file for summary judgment and take discovery.

 **II. Discussion**

The plaintiff seeks consolidation of the two claims pursuant to Federal Rule of Civil Procedure 42(a), which, in summary, states, if actions before the court involve a common question of law or fact, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions be consolidated; and it may take such actions as necessary to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a); *see* Kelly v. Greer, 295 F.2d 18, 20 (3d Cir.1961)." Rule 42(a) ... confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675-76 (3d Cir.1964), cert. denied, 382 U.S. 812, (1965). Consequently, the court may consolidate actions in whole or may order a joint trial of any matters in issue in the actions. Fed.R.Civ.P. 42(a).

In a motion for consolidation, the moving party bears the burden of proof. McClenaghan v. Turi, 2011 WL 4346339, at *1 (E.D.Pa. 2011). Whether a common question of law or fact exists is the threshold requirement for determining whether consolidation is permissible. Farahmand v. Rumsfeld, 2002 WL 31630709, at *1 (E.D.Pa. 2002). When exercising its broad

4

discretion as to whether consolidation is appropriate, the court must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy. Mincy v. Chmielewski, 2006 WL 1997457, at *2 (M.D.Pa. 2006) (quoting Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D.Pa.1983).

A court may deny a motion to consolidate if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case. *See* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §2382 (Civil 2d.1995).

Applying these principles to the plaintiff's motion, and in the exercise of its discretion with respect to matters of case management, the Court finds it appropriate to grant the motion. Consolidation is appropriate here because both cases involve the same legal claims and surround the same alleged facts. The plaintiff brought both cases to redress identical alleged deprivations. The factual distinctions between these cases are very limited and do not conflict so as to make separate trials necessary. Consolidation will promote the interests of efficiency and judicial economy. On the record, there is a sufficient connection between the actions proposed for consolidation, and, therefore, consolidation is **GRANTED**. As such, the clerk is directed to consolidate civil action number 3:12-cv-1167 into civil action number 3:10-cv-2441. All future filings shall be made to 3:10-cv-2241.

Finally, because this consolidation effects the case management schedules of these, now, consolidated cases, the court will direct that counsel meet and confer to agree upon an amended case management plan that will allow for discovery to be reopened and concluded in a reasonable manner. Counsel will submit a joint stipulation with new case management dates for the court's approval, on or before October 26, 2012.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: October 12, 2012
O:\shared\MEMORANDA\2010 MEMORANDA\10-2441-01.wpd